[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2008
THOMAS K. KAHN
CLERK

No. 07-15946
Non-Argument Calendar

_____

D. C. Docket No. 07-10036-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO RIVERA PAJON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 28, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alfredo Rivera Pajon appeals his 60-month upward variance sentence imposed after pleading guilty to conspiracy to smuggle aliens resulting in serious bodily injury, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and unlawful entry into Cuban territorial waters, in violation of 50 U.S.C. § 192. On appeal, Pajon argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its application of the 18 U.S.C. § 3553(a) factors and failed to apply these factors to Pajon individually. Pajon also argues that his sentence is substantively unreasonable because the district court did not provide a sufficiently compelling justification for imposing an upward variance.

We review the sentence imposed by the district court for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). The reasonableness standard means review for abuse of discretion. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). First, we look for an explanation of the sentence in the record sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* Next, a sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Gall*, 552 U.S. at ___, 128 S. Ct. at 597.

Section 3553(a) provides that district courts must consider, *inter alia*: (1) the applicable guidelines range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

In the present case, the district court committed no significant procedural error. The record contains an explanation of the district court's rationale for imposing an above-guidelines sentence sufficient "to allow for meaningful appellate review." *See Gall*, 552 U.S. at ___, 128 S. Ct. at 590. The district court considered both Pajon's argument as to why he should receive a minor role adjustment and the government's argument that Pajon was a co-conspirator who had identified himself as an operator of the vessel. Further, the court considered Pajon's arguments for a sentence within the guidelines on the basis of his acceptance of responsibility for his conduct. Before imposing the sentence, the court specifically found that Pajon was "equally culpable." Accordingly, the court

conducted "an individualized assessment based on the facts presented." *Gall*, 552 U.S. at ___, 128 S. Ct. at 590.

The district court stated that it had considered the advisory guidelines and all of the statutory factors. It was entitled to emphasize the need to promote respect for the law and deterrence. Thus Pajon's sentence is procedurally reasonable because the record demonstrates that the district court properly conducted an individualized analysis of the presentence investigation report, the § 3553(a) factors, and the parties' statements, and made adequate findings explaining its basis for sentencing.

Once we conclude that the district court made no procedural errors, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at ___, 128 S. Ct. at 597. Such review entails determining whether the sentence is supported by the § 3553(a) factors. *Id.* at 600. Reasonableness review is "deferential" and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788.

After correctly calculating the advisory guidelines range, the district court may impose a more severe or lenient sentence, so long as the resulting sentence is

4

reasonable. *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006). If a district court decides that a sentence outside that range is appropriate, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at ___, 128 S. Ct. at 597.

Pajon's sentence of 60 months' imprisonment, above the guidelines range of 37 to 46 months, is not a substantial deviation considering it is well below the statutory maximum of 20 years for Count 1 and 10 years for Count 12. *See Gall*, 552 U.S. at ___, 128 S. Ct. at 597. In addition, the need to promote deterrence and respect for the law are legitimate concerns under § 3553(a), and the emphasis the district court placed on these factors merits deference in light of the fact that the district court also considered the rest of the statutory factors.

We conclude that the district court followed proper sentencing procedures by making findings sufficient to allow for meaningful appellate review and by considering factors personal to Pajon when determining his sentence under 18 U.S.C. § 3553(a). Also, because Pajon's sentence is supported by a sufficiently compelling justification, we conclude that the district court did not abuse its discretion by imposing a sentence above the guidelines range. Based upon the

foregoing and our review of the record and the parties briefs, we affirm Pajon's sentence as reasonable.

**AFFIRMED.**